## MORTIMER ET AL. *v.* KESSLER ET AL.

[No. 8,359. Filed December 10, 1913. Rehearing denied March 3, 1915.]

HUSBAND AND WIFE.—*Wife's Interest in Realty of Deceased Husband.—Childless Second Wife.—Administrator's Sale to Pay Debts.—Conclusiveness of Order.*—Where decedent, who died in 1879, left surviving him a childless second wife and minor children by his former marriage, an order of court made in a proceeding to which the children were parties, on the petition of the widow as administratrix for the sale of the realty for the payment of decedent's debts, directing a sale subject to a life estate in one-third thereof in favor of the widow, as prayed in such

petition, not having been set aside or appealed from, was conclusive; hence no interest in such realty descended to such children on the death of the widow, and they were not entitled to a decree quieting the title in them to an undivided one-third thereof.

For Dekalb Circuit Court; *Luke H. Wrigley*, Special Judge.

Action by Levi Kessler and another against Almira Mortimer and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*Robert W. McBride, Price D. West* and *Link & Atkinson*, for appellants.

*Mountz & Brinkerhoff* and *D. D. Moody*, for appellees.

HOTTEL, C. J.—This is a suit brought by the appellees to quiet title to an undivided one-third interest in an 80-acre tract of real estate in Dekalb County. An affirmative answer was filed by each defendant, in each of which answers are set up all the facts hereinafter indicated as found by the court, with an averment that on account of such facts, "the plaintiffs are and in good conscience ought to be estopped from setting up or claiming any title to or interest in said real estate." To each of these answers the appellees filed a reply in general denial. The case was tried by the court and at the request of the parties it filed a special finding of facts and stated its conclusions of law thereon. The conclusions and judgment of the court were in appellees' favor.

The appellants jointly, and each separately, assign error in this court and challenge the correctness of each of said conclusions of law.

The facts found by the court, briefly stated, are in substance as follows: Eli Kessler died intestate in Dekalb County, December 30, 1879, the owner in fee of the real estate described in the complaint, viz., west half of the northeast quarter of section 24 in township 35 north, range 12 east. Decedent left surviving him as his only heirs a childless second wife and appellees, the latter being sons by a

former marriage. On May 29, 1879, the widow Malinda Kessler was appointed administratrix and gave bond and qualified as such. The personal property that came into her hands was not sufficient to pay decedent's debts, and to pay them she filed her petition to sell the real estate. The petition is set out in the finding, and alleges facts showing the necessity for selling the real estate to pay debts, describes the real estate, and alleges that decedent left surviving as his only heirs, two minor sons, appellees, and his widow, Malinda Kessler, a childless second wife. On the filing of this petition the court ordered that notices of its pendency be given. Notices were given by publication and posting (and they are set out in the finding), and seem to be regular and sufficient. On March 1, 1881, and after such notices had been given, proof of their publication and posting was made in said cause and on the suggestion of the infancy of appellees a guardian *ad litem* was appointed for them who filed for such minors an answer in general denial to said petition. On March 8, 1881, the administratrix filed in said cause an inventory and appraisement of said real estate (set out in the finding) which describes the land above described and adds the following qualifying words: "in which land the said Malinda Kessler as widow of said decedent owns a life estate in the undivided one-third." The appraisement of said land is as follows: "We appraise the undivided two-thirds (2/3) thereof at twenty-one hundred sixty-six and 67/100 dollars ($2,166.67). We appraise the remaining undivided one-third subject to the life estate of the said widow therein at three hundred dollars ($300.00), making the total value thereof $2,466.67." On March 8, 1881, the court ordered (this order is set out in the finding) the land sold at public auction, etc., viz., it ordered sold "the west half of the northeast quarter of section twenty-four (24) township thirty-five (35), north of range twelve (12), east, *subject to the life estate of the widow of said decedent in the undivided one-third thereof*," etc. The administratrix

gave the notice of sale of such real estate required by the court's order, and on May 7, 1881, sold the same to Royal J. Fisk for $1,725. The report of sale is set out in the finding and shows that said Fisk's bid being for more than two-thirds of the appraised value and being the highest and best bid, the administratrix openly struck off to said Fisk, "the west half of the northeast quarter of section twenty-four (24), township thirty-five (35), north of range twelve (12) east, in Dekalb County, Indiana." This report was filed in said cause on May 17, 1881, and the court then approved the report and ordered the administratrix to execute to said Fisk a deed for said premises which deed was examined and approved by the court and ordered delivered to said Fisk. The description in said deed is as follows: "The west half of the northeast quarter of section twenty-four (24), township thirty-five (35), north of range twelve (12) east, *subject to a life estate in the undivided one-third thereof, belonging to Malinda Kessler.*" (Our italics.) The purchaser Fisk paid the purchase price for said real estate by paying to said administratrix, cash $575, and giving his two notes for $575 each, one of which he afterwards paid to the administratrix. On May 17, 1881, the said widow Malinda Kessler "for the sum of five hundred dollars" sold and conveyed by warranty deed to said Fisk her interest in said real estate, which interest is described in said deed as follows: "A life estate in the undivided one-third of the west half of the northeast quarter of section twenty-four (24), township thirty-five (35), north of range twelve (12), east, for the life of the grantor, Malinda Kessler." When their father died the appellee Levi Kessler was 16, and appellee William was 15 years of age. On May 24, 1881, Emanuel Neidig was appointed their guardian by the Dekalb Circuit Court and qualified and continued as such guardian until his wards became of age. When Malinda Kessler filed her final report as administratrix she delivered to said guardian one of said Fisk notes for $575 and paid

to him cash $52.37 which note and money were paid by such administratrix to said guardian in settlement of the distributive shares of appellees in the money received by her as administratrix of said estate. Thereafter said Fisk paid his said last due note to said guardian. On January 22, 1885, after appellee, Levi, became of age, said guardian settled with him and paid him $584.04 being his share of the moneys received by such guardian from said administratrix of his father's estate, as well as for all other moneys due said ward. On November 29, 1886, after appellee William became of age, said guardian made final settlement with him and paid to him $394.95 which included his part of the money received by said guardian from the said administratrix of his father's estate. The appellants by various mesne conveyances from Royal J. Fisk have become and are the owners of all the right, title and interest of said Fisk in the real estate described in the complaint and by said Fisk acquired by purchase at the administratrix's sale as herein set out and by purchase from Malinda Kessler individually as hereinbefore set out. Malinda Kessler died less than five years prior to the beginning of this suit. She bore no children as the fruits of her marriage with Eli Kessler. The appellees have never executed any deed or conveyance of their title to the real estate described in their complaint.

On the foregoing facts the court stated its conclusions of law as follows: "(1) That the plaintiffs are the owners of the undivided one-third of the real estate described in the complaint by descent from said Malinda Kessler. (2) That the plaintiffs are entitled to have their title to the undivided one-third of the real estate described in the complaint quieted against the defendants to this action. (3) That the plaintiffs are entitled to recover from said defendants their costs."

We deem it unnecessary to enter into any discussion of the questions presented by this appeal. An examination of

the facts above stated in connection with the case of *Stone v. Elliott* (1914), 182 Ind. 454, 106 N. E. 710, will disclose that the decision in that case completely disposes of the instant case, and necessitates a reversal of the judgment below. The judgment below is therefore reversed with instructions to the trial court to restate its conclusions of law, viz., to state as its conclusions of law on the facts found that the law is with the appellants, and each of them, and that appellees are not entitled to take anything on account of their complaint, and the trial court is also ordered to render judgment on its finding against appellees on their complaint and for appellants for costs.

NOTE.—Reported in 107 N. E. 34. As to when sales by executors and administrators are void because in excess of order of sale, see 37 Am. Dec. 65. See, also, 18 Cyc. 820.